THE CITY OF NORTH LAS VEGAS, NEVADA, A MUNICIPAL CORPORATION, APPELLANT, v. THE PUBLIC SERVICE COMMISSION OF NEVADA; DESERT WATER DISTRICT, A QUASI–MUNICIPAL CORPORATION IN CLARK COUNTY, NEVADA; AND SUBURBAN WATER COMPANY, INC., A NEVADA CORPORATION, RESPONDENTS.

No. 5232

June 13, 1967                    429 P.2d 66

*John P. Fadgen,* City Attorney, North Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *John J. Sheehan,* Deputy Attorney General, for Respondent Public Service Commission.

*George E. Franklin, Jr.,* District Attorney, *John A. Porter,* Deputy District Attorney, for Respondent Desert Water District.

*Edwin J. Dotson,* of Las Vegas, for Respondent Suburban Water Company, Inc.

## OPINION

By the Court, COLLINS, J.:

The Public Service Commission approved the transfer of a certificate of public convenience and necessity for a water

system from Suburban Water Company, Inc., to Desert Water District and denied an application for transfer of the same certificate to the City of North Las Vegas. North Las Vegas sought review in the district court, which upheld both orders of the Public Service Commission, and this appeal ensued.

At the time of the argument we announced informally our decision from the bench because of the onset of hot weather and the urgent need to assure water to the users affected. We affirmed the ruling of the court below, holding there was substantial evidence to support the finding of the Public Service Commission and rejecting the constitutional challenge to NRS 704.410. We now render our formal opinion in the matter.

Suburban Water Company, a small public utility, serves an area, adjacent to but outside the limits of North Las Vegas. It has about 384 users and produces, as well as distributes, water for domestic and community purposes. Suburban was ordered by the Public Service Commission to make certain capital improvements in its system. Rather than comply, it decided to dispose of its system. North Las Vegas sought to acquire the system and the certificate but was met with many protests, principally from users within the system. North Las Vegas contended the area could best be served by it, though outside its corporate limits, because it had an adequate source of water, storage facilities and could extend its distribution system into the area and serve the users with efficiency and dependability and would avoid duplication. The monthly charge then in effect would be raised $1.50, making a new flat monthly rate of approximately $7.34 for the average user.

During this time a committee of protesting users formed a water district pursuant to NRS Chapter 311, known as Desert Water District. The District not only opposed the transfer to North Las Vegas but sought to purchase the system and transfer of the certificate to itself. It offered financial, improvement and operating plans to the Commission.

The main objections to North Las Vegas taking over the system seemed to center on future arbitrary rate increases to users; inability of users to effectively complain about operation of the system and rates because being outside the city they have no political voice or influence; absence of any supervision or control by the Public Service Commission if operated by the city (NRS 704.340), and that North Las Vegas was seeking the system and certificate as means of ultimately extending its corporate boundaries into the area. The city's application was opposed openly by Clark County.

The Commission, pursuant to NRS 704.370 and 704.410,

denied acquisition of the system and transfer of the certificate to North Las Vegas. The Commission approved the purchase by Desert Water District and transfer of the certificate, authorized borrowing of $100,000 for acquisition, repair and improvement of the system, and ordered an interim flat-rate charge of $5.00 per month until a permanent rate could be established based upon experience. The certificate transfer was made subject to completion of repairs and improvements previously ordered by the Commission and reasonably continuous and adequate service to the public.

North Las Vegas sought review of the Commission's two orders in the district court pursuant to NRS 704.540. The court ruled against its contentions, held the action of the Commission was not arbitrary or unreasonable, that its decision was founded upon conflicting evidence, and that the court would not substitute its judgment for that of the Commission. This appeal resulted.

This court long ago established the scope and basis of review by a lower court of an administrative body's decision. In Garson v. Steamboat Canal Co., 43 Nev. 298, 317, 185 P. 801 (1919), it was held: "It was not intended that the courts should interfere with the commission, or review its determinations, further than to keep it within the law and protect the constitutional rights of the public service agencies over which it has been given control." Accord: Randono v. Nevada Real Estate Commission, 79 Nev. 132, 379 P.2d 537 (1963); Nevada Tax Commission v. Hicks, 73 Nev. 115, 310 P.2d 852 (1957). The function of this court is the same when reviewing the action of the district court in such a matter. McKenzie v. Shelly, 77 Nev. 237, 362 P.2d 268 (1961). Thus neither the trial court, nor this court, should substitute its judgment for the administrator's determination. We should not pass upon the credibility of witnesses or weigh the evidence, but limit the review to a determination that the board's decision is based upon substantial evidence. The record reveals no abuse of discretion. City of Henderson v. Henderson Auto Wrecking, 77 Nev. 118, 359 P.2d 743 (1961). We go no further than to say there was substantial evidence before the Public Service Commission in this case and its ruling and the trial court's decision should be upheld.

We do not feel there is any basis for the attack of North Las Vegas upon NRS 704.410 as being an unlawful delegation

of legislative authority in violation of Nevada Constitution, Art. 3, § 1. North Las Vegas contends the legislature failed to establish any standards whatsoever to guide the Commission in determining whether to approve or disapprove transfer of a certificate of public convenience and necessity and relies upon State Board of Dry Cleaners v. Thrift-D-Lux Cleaners, 254 P.2d 29 (Cal. 1953). A cursory reading of NRS Chapter 704 dealing with regulation of public utilities generally, discloses the lack of persuasion of that contention, and in the absence of any clear demonstration of unconstitutionality, we disregard it.

Judgment of the trial court is affirmed.

THOMPSON, C. J., and ZENOFF, J., concur.