PAUL S. PAULSON, Appellant, *v.* CIVIL SERVICE COMMISSION OF THE CITY OF RENO, Respondent.

No. 7147

January 18, 1974                           518 P.2d 148

[Rehearing denied May 29, 1974]

*Legarza, Lee & Barengo,* of Reno, for Appellant.

*Robert L. Van Wagoner,* City Attorney, of Reno, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Appellant, Paul Paulson, was employed by the Reno Police Department as Deputy Assistant Chief of Police. Early in 1969, Paulson inquired into the possibility of personally attending Northwestern University Traffic Institute Police Administration Training School. He applied for admission to the school and in August of 1971 met the necessary admission requirements.

As a prerequisite to attending the 9 months of classes, Paulson was required to have an agreement with his employer that he would remain on the payroll and that his employer would pay the necessary expenses incurred in his attending the school.

Therefore, in late July and early August of 1971, Paulson appeared before the Reno City Council, requesting that he be allowed to attend the school for approximately 1 year; that the city pay his tuition, fees, and lodging while at school; and that he remain on full salary while in attendance at Northwestern.

This request was denied by the Reno City Council because the necessary expenses for the city would be approximately $22,000 and there was a shortage in top administrative personnel in the police department, due to the departure of the then Chief of Police, Elmer Briscoe.

Paulson then appeared before the Reno Civil Service Commission and requested a 2-month leave of absence beginning September 1, 1971, and ending October 31, 1971, to "collect his thoughts". This request was granted.

Paulson was required to return to work on November 1, 1971. He failed to report on that day and also on November 2, 1971. On November 3, 1971, Acting Chief of Police Bev Waller received a request for vacation time for Paulson through Paulson's attorney. This request was denied on November 15, 1971. Waller then received a request for sick leave directly from Paulson on November 19, 1971. This request was also denied.

On December 21, 1971, 1 month and 21 days after Paulson was to report for work, Reno City Manager Joe Latimore, on recommendation from Chief Waller, terminated Paulson. Paulson appealed Latimore's action to the Reno Civil Service Commission, and a hearing was held. The Commission upheld

Paulson's dismissal, and Paulson appealed to the Second Judicial District Court by writ of certiorari. A hearing on the writ was held, and the lower court denied its issuance, finding that there was legal cause for Paulson's dismissal.

The only issue which we find necessary to discuss is whether there was legal cause for Paulson's dismissal. The function of this court in making that determination is limited to the record of evidence presented to the Commission. Meinhold v. Clark County School Dist., 89 Nev. 56, 506 P.2d 420 (1973).

What constituted "legal cause" was announced by this court in the case of State ex rel. Whalen v. Welliver, 60 Nev. 154, 104 P.2d 188 (1940), and reiterated in Hardison v. Carmany, 88 Nev. 670, 504 P.2d 1 (1972). We indicated in Whalen, 60 Nev. at 159, 104 P.2d at 190–191, quoting Sausbier v. Wheeler, 252 App.Div. 267, 299 N.Y.S. 466, 472:

" ' "Cause" or "sufficient cause" means legal cause, and not any cause which the officer authorized to make such removal may deem sufficient. It is implied that an officer cannot be removed at the mere will of the official vested with the power of removal, or without any cause. The cause must be one which specifically relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. The cause must be one touching the qualifications of the officer or his performance of his duties, showing that he is not a fit or proper person to hold the office. An attempt to remove an officer for any cause not affecting his competency or fitness would be an excess of power and equivalent to an arbitrary removal.' " See also Richardson v. Board of Regents, 70 Nev. 347, 269 P.2d 265 (1954).

One reason specified for Paulson's dismissal was that Paulson did not return to his employment at the end of his leave of absence and failed to explain the reasons for the delay or request further leave. Certainly the fact that Paulson failed to report for duty on November 1 and November 2, 1971, and continued to remain away from work until his dismissal on December 21, 1971, is within the grounds for dismissal as set forth in Title XX, Section 19, page C–101, of the Reno City Charter, and we find that it constituted sufficient "legal cause" for his dismissal.

That Paulson submitted applications for vacation time or sick leave does not mean that such time is automatically granted from the date such applications are submitted. The procedure for granting these requests is such that leave time does not begin on the date the applications are submitted, but rather

starts only when the request is granted. Therefore, because Paulson's requests for leave time were never granted, it follows that Paulson was absent without leave at least from the time the applications were submitted until the date the requests were denied.

This is not a case of dismissal for unsubstantiated reasons, as in Hardison v. Carmany, *supra,* or summary dismissal, as in State ex rel. Whalen v. Welliver, *supra.* Here, we have disregard by a high administrative officer in the Reno City Police Department for the needs of his department and the proper administrative procedures for the granting of leave time. Paulson failed to report to work at the conclusion of his leave of absence and remained away from work without authorization from the Acting Chief of Police.

The trial court correctly found that there was substantial evidence in the record to support the Commission's finding that there was "cause" for Paulson's dismissal. Accordingly, we affirm the decision of the lower court. City of North Las Vegas v. Public Serv. Comm'n, 83 Nev. 278, 281, 429 P.2d 66, 67 (1967).

The other issue raised in this appeal is without merit.

THOMPSON, C. J., and BATJER and ZENOFF, JJ., concur.

GUNDERSON, J., concurring:

I reluctantly agree that the record may be read to support the discharge of Paulson, whose offense was briefly to place his own life-long ambitions and long-term interests ahead of short-term concerns of Reno, a city he admittedly had served faithfully for over 17 years.

I will not endeavor to state all of the equities of Paulson's position that the majority opinion does not mention. Still, I think it should be said that, prior to his making plans to attend Northwestern, Paulson's superiors had informally advised him he could have leave; that Paulson's age made 1971 the last year he could attend the school; that there is evidence his application to utilize his vacation time was prepared in mid-October, although not received until after November 1; that quite arguably Paulson reasonably believed the city would at least authorize him to take vacation time he had already earned; and that evidence suggested his superiors did not initially view Paulson's absence without leave as particularly serious, and arguably led him to believe such absence was being condoned.

Unfortunately for Paulson, the Reno Civil Service Commission did not accord these equities the weight they arguably deserved. However, although the Commission's decision was

not clearly erroneous, I think our opinion should at least note that a decision in Paulson's favor would have been quite justified also.