298

PUBLIC SERVICE COMMISSION OF NEVADA AND
SOUTHWEST GAS CORPORATION, A NEVADA COR-
PORATION, APPELLANTS, v. JOHN O. LEAR AND
MARILEE LEAR, RESPONDENTS.

No. 13200

June 25, 1982                                    646 P.2d 1213

*Zev E. Kaplan,* Carson City, for Appellant Public Service
Commission.

*William A. Claerhout* and *Rochelle Levine Berkley,* Las
Vegas, for Appellant Southwest Gas Corp.

*Stephen R. Minagil,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This appeal is taken from a district court order vacating and remanding a Public Service Commission (PSC) decision against respondents John and Marilee Lear. We affirm.

In February 1979, the Lears received a monthly bill from Southwest Gas Corporation (Southwest) in the amount of $465.46. This figure allegedly represented the amount of gas Southwest had furnished the Lears during the billing period of January 19, 1979 to February 20, 1979. Since this bill was much higher than their previous bills, the Lears complained to Southwest. Not being able to settle their dispute with Southwest, the Lears filed a complaint with the PSC. After a hearing, the PSC concluded that Southwest had proved it had delivered at least $465.46 worth of gas to the Lears, and that Southwest was entitled to payment in that amount.

Thereafter, the Lears filed a complaint in district court seeking judicial review of the PSC's decision pursuant to NRS 704.540. No new evidence was presented at the district court hearing. However, after reviewing the pleadings and the transcript of the PSC hearing, the district court entered an order vacating the PSC's decision in favor of Southwest on the ground that it was not supported by substantial evidence. The PSC and Southwest have appealed.

The sole issue on appeal is whether the district court erred by vacating the PSC's decision for lack of substantial evidence. Neither the district court, nor this court, may substitute its judgment for that of the PSC. State PSC v. Zephyr Cove Water Co., 94 Nev. 634, 584 P.2d 698 (1978); No. Las Vegas v. Pub. Serv. Comm'n, 83 Nev. 278, 429 P.2d 66 (1967). The supreme court, like the district court, is limited in its review to a determination of whether the PSC's decision was supported by substantial evidence. *Id.*[1]

At the PSC hearing, the Lears presented evidence that their

---

[1]Citing NRS 704.540(3), the Lears contend, for the first time on appeal, that the district court was not limited in its review to a determination of whether the PSC's decision was supported by substantial evidence. We do not find the Lears' construction of NRS 704.540(3) persuasive in view of our holdings in State PSC v. Zephyr Cove Water Co., *supra,* and No. Las Vegas v. Pub. Serv. Comm'n, *supra,* both of which involved actions brought pursuant to NRS 704.540.

previous and subsequent monthly gas bills were $31.72 and $28.80, respectively. Mrs. Lear testified that her husband was out of town for 13 days of the billing period in question, and that his absence affected her style of living so as to reduce the amount of gas usage. She also testified that they had not used their swimming pool heater, downstairs fireplace, or barbeque during Mr. Lear's absence. The Lears also presented the testimony of John G. Tryon, an engineering professor, who stated that based on his examination of photographs of the swimming pool taken during the billing period, it was his opinion that the pool heater had not been used, since there was snow surrounding the pool.

Southwest countered with evidence that the Lears' gas meter had been read and reread, tested and retested. The first test showed that the meter was accurate to .10 percent slow in favor of the customer. The second test revealed that the meter was .05 percent slow in favor of the customer. The gas line was checked, and no leaks were found. In its presentation, Southwest called seven witnesses, all with expertise in the natural gas industry, and all of whom testified that the meter accurately reflected the amount of gas the company had delivered to the Lears. The testimony indicated that once the gas passed through the meter, Southwest could neither control nor explain what use was made of it by the customer.

After hearing the evidence, the PSC entered a decision in favor of Southwest. The district court apparently viewed the PSC decision as relying solely on evidence of the accurate meter while refusing even to consider the evidence presented by the Lears. Indeed, the PSC decision states in part: "This Commission has determined that reliance upon accurate meters is the only viable means of measuring the quantity of gas delivered by a utility to a customer." In vacating and remanding the decision, the district court stated:

> IT IS HEREBY ORDERED that the STATE OF NEVADA, PUBLIC SERVICE COMMISSION'S position of relying on the testing of the gas meter exclusively is reasonable for the greatest number of disputed bill cases. However, when the challenged bill reflects a dollar amount so inconsistent with prior and subsequent gas usage, as in the instant case, the COMMISSION must consider other evidence. Therefore, under the circumstances of the instant case, the order of the PUBLIC SERVICE COMMISSION is unreasonable and not supported by substantial evidence. This case is remanded to the STATE OF NEVADA, PUBLIC SERVICE COMMISSION to enter an order not inconsistent with the above.

The district court's conclusion is not unreasonable. While reliance on accurate meters is certainly a viable means of measuring the amount of gas delivered by a utility to its customer, we decline to adopt the rule urged by appellants that such reliance is the only viable means of determining gas consumption.

Affirmed.[2]

---

[2]At oral argument, counsel for the Lears conceded that the district court's order did not mandate a PSC decision in their favor, but merely remanded the case for consideration of "other evidence," presumably the evidence presented by the Lears at the hearing. We express no opinion as to what the PSC's decision should be on remand.