## SOUTHWEST GAS CORPORATION; STATE OF NEVADA, PUBLIC SERVICE COMMISSION, Appellants, v. JOHN O. LEAR and MARILEE LEAR, Respondents.

### No. 14956

January 23, 1985                              693 P.2d 1264

*William H. Kockenmeister,* Carson City; *William A. Claerhout,* Las Vegas, for Appellants.

*Colucci, Minagil & Aurbach,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This appeal is taken from an order granting a writ of mandamus. In Public Serv. Comm'n v. Lear, 98 Nev. 298, 646 P.2d 1213 (1982), this court affirmed a decision of the lower court which found that an order of the Public Service Commission (hereafter Commission), approving a gas bill submitted to the respondents, was not supported by substantial evidence. The

lower court accordingly remanded the case to the Commission in order for it to consider "other evidence." In its order granting the writ, the court directed the Commission to decide the case on the evidence which existed in the record prior to the court's initial order remanding the case to the Commission. By this order, the lower court prevented the Commission from reopening the proceedings before it to consider additional evidence as the Commission had intended to do.

On appeal the Commission contends that it was authorized to reopen the proceedings to consider additional evidence and did not abuse its discretion by doing so. The Commission therefore contends the lower court erroneously granted the writ of mandamus.

Respondent argues only that because the order entered by the Commission in the prior proceedings was a final order, the Commission had no authority to reopen the proceedings to consider additional evidence.[1]

Nev. Admin. Code 703.775 authorizes the Commission to reopen a proceeding to take additional evidence if it does so before the issuance of a final order. The Commission's previous order upholding the validity of the gas bill did constitute a final order. The lower court's action in remanding the case to the Commission, however, put the case in the same position as if no final order had been entered. *See* Southern Pacific Company v. Corporation Commission, 321 P.2d 224 (Ariz. 1958); Tamiami Trail Tours, Inc. v. Railroad Commission, 174 So. 451 (Fla. 1937); Rock Island Motor Trans. Co. v. Murphy Motor Fr. Lines, 58 N.W.2d 723 (Minn. 1953). The Commission was therefore entitled to reopen the proceedings to consider additional evidence. The order granting the writ of mandamus is therefore reversed.

---

[1]Respondents have not argued that the prior order of the lower court, which was affirmed by this court, prohibited the Commission from reopening the prior proceedings.