EDWARD LEE, Appellant, *v.* EMPLOYMENT SECURITY DEPARTMENT and HOWLETT OLSON EGG COMPANY, Respondents.

No. 16114

December 10, 1985 709 P.2d 1016

*Richard S. Segerblom* Las Vegas, for Appellant.

*Crowell, Crowell, Crowell & Susich* and *Daniel L. O'Brien,* Carson City, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court upholding a determination by the Employment Security Department that appellant, Edward Lee, had been terminated for misconduct and was thus ineligible for unemployment benefits. NRS 612.385.[1]

---

[1]NRS 612:385: "A person is ineligible for benefits for the week in which he has filed a claim for benefits, if he was discharged from his last or next to last employment for misconduct connected with his work, and remains ineligible until he earns remuneration in covered employment equal to or exceeding his weekly benefit amount in each of not more than 15 weeks thereafter as determined by the executive director in each case according to the seriousness of the misconduct."

Appellant, a truck driver, was employed by respondent Howlett Olson Egg Company ("the Company"). In the course of his work, Lee drove an average of 10,000 miles per month. During the two years he was employed with the Company, while driving Company trucks, Lee was cited on five occasions for speeding. During the same period, he was also involved in five accidents, all of them minor.

In late 1983, Lee was "talked to" by his supervisor, who apparently warned him that the Company was concerned about his driving habits. This was the first time that Lee was warned about his driving record. It was also the last.

On January 10, 1984, the California Department of Motor Vehicles ("DMV") issued an order suspending Lee's California driving privileges for a period of six months, effective February 13, 1984. The DMV cited as the basis for its order Lee's record of traffic citations in California. When it learned of the DMV order, the Company terminated Lee.

Lee applied for unemployment benefits. The Employment Security Department ("Department") determined that Lee was ineligible for benefits. The Department found, in reliance upon the DMV order, that Lee had failed to maintain his driving privileges and that this amounted to misconduct within the meaning of NRS 612.385.

In the meantime, however, Lee had successfully appealed from the DMV's order. Under a provision of the California Vehicle Code then in force, a person who drove more than 25,000 miles annually was allowed to accumulate more "points," before his driver's license was suspended, than a person who drove less. *See* Cal. Veh. Code § 12810.5, repealed by 1984 Cal. Stat., ch. 667, § 10, p. 139, eff. July 1, 1985. The DMV had apparently failed to take this into account when it suspended Lee's license. Accordingly, on February 9, 1984, the DMV set aside its order of suspension.

Lee appealed the Department's denial of unemployment benefits to a referee in the Department's Office of Appeals. The referee concluded that Lee had been terminated because of his driving record and that the DMV's action in rescinding its suspension order was of "no controlling significance." The referee's decision was allowed to stand by the Department Board of Review and the district court. This appeal followed.

The sole question before us is whether the decision of the Department was based upon substantial evidence. *See* McCracken v. Fancy, 98 Nev. 30, 31, 639 P.2d 552, 553 (1982); No. Las Vegas v. Pub. Serv. Comm'n, 83 Nev. 278, 281, 429 P.2d 66, 68 (1967). We conclude that it was not. From our review of the record, it is clear that Lee's driving habits were tolerated

by the Company and that he would not have been terminated but for the DMV's erroneous suspension of his driving privileges. Because Lee's termination was not precipitated by misconduct, it follows that NRS 612.385 should not have been applied to deny him unemployment benefits. *Cf.* Ortiz v. Unemployment Insurance Appeal Board, 305 A.2d 629, 631 (Del.Super.Ct. 1973) (unless acts are thereafter repeated, employer who condones acts of misconduct cannot rely on them as basis for discharge), *rev'd on other grounds,* 317 A.2d 100 (Del. 1974). Accordingly, we reverse the decision of the district court.