An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRYSTAL M.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
CYNTHIA N. GIULIANI, DISTRICT
JUDGE,
Respondents,
and
DAMIAN S.; AND CLARK COUNTY
DEPARTMENT OF FAMILY
SERVICES,
Real Parties in Interest.

No. 63676

**FILED**

AUG 1 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER DENYING PETITION FOR WRIT OF MANDAMUS
OR, IN THE ALTERNATIVE, PROHIBITION*

This is an original petition for a writ of mandamus or, in the alternative, prohibition, which challenges a juvenile court order directing that the minor child be placed with the child's natural father.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition is available when a district court acts without or in excess of its jurisdiction. NRS 34.320; *State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 146-47, 42 P.3d

13-24266

233, 237 (2002). Both mandamus and prohibition are extraordinary remedies, and whether a petition for extraordinary relief will be considered is solely within our discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). It is petitioner's burden to demonstrate that our extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Our review of this writ petition and appendix indicates that the juvenile court has not entered a written, effective order placing the child with the natural father. On May 29, 2013, the juvenile master entered findings and a recommendation that the child be placed with the natural father. Petitioner filed an objection, and the juvenile court held a hearing on June 6, 2013, at which the court orally adopted the master's recommendation. Petitioner challenges both the master's written recommendation and the juvenile court's oral decision adopting that recommendation. The master's recommendation is not effective, however, until approved by the juvenile court. *See* EDCR 1.46(g)(9); *In re A.B.*, 128 Nev. ___, ___, 291 P.3d 122, 127 (2012). As for the juvenile court's oral affirmation of the master's recommendation, this court has held that a district court's oral pronouncement from the bench is ineffective for any purpose. *Rust v. Clark Cnty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987). Petitioner did not provide this court with a copy of any written order from the juvenile court memorializing its ruling, and it is not clear whether one has been entered. Under these circumstances, we conclude that our intervention by way of extraordinary relief is not warranted. *See* NRAP 21(b); *Pan*, 120 Nev. at 228, 88 P.3d at 844; *Smith*,

107 Nev. at 677, 818 P.2d at 851 (stating that the issuance of an extraordinary writ is purely discretionary with this court). Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Cynthia N. Giuliani, District Judge
     Law Firm Express
     Clark County District Attorney/Juvenile Division
     Damian S.
     Eighth District Court Clerk