An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES R. ABBEY, JR., INDIVIDUALLY;
M. COLLEEN ABBEY, INDIVIDUALLY;
JAMES R. ABBEY, JR., AS A TRUSTEE
OF THE JAMES R. ABBEY, JR. AND M.
COLLEEN ABBEY TRUST DATED 16
JULY 1988; FH9, LLC, A UTAH LIMITED
LIABILITY COMPANY; FH9, LLC,
SANDY VALLEY 2.5 SERIES, A UTAH
LIMITED LIABILITY COMPANY; FH9,
LLC, SANDY VALLEY 8.9 SERIES, A
UTAH LIMITED LIABILITY COMPANY;
FH9, LLC, GOODSPRINGS SERIES, A
UTAH LIMITED LIABILITY COMPANY;
FH9, LLC, WASHBURN SERIES, A
UTAH LIMITED LIABILITY COMPANY;
FH9, LLC, WHISPER SERIES, A UTAH
LIMITED LIABILITY COMPANY; AND
FH9, LLC, ALPINE SERIES, A UTAH
LIMITED LIABILITY COMPANY,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA, IN
AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE MICHAEL
VILLANI, DISTRICT JUDGE,
Respondents,
and
GOLDFIELD 20, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Real Party in Interest.

No. 64027

**FILED**

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER DENYING PETITION FOR
### WRIT OF MANDAMUS OR PROHIBITION

This original petition for a writ of mandamus, or alternatively, prohibition, challenges two anticipated district court rulings in a

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27820

deficiency action. Specifically, petitioners contend that the district court has indicated its intention to grant real party in interest's application for a deficiency judgment. Petitioners further contend that the district court has indicated its intention to deny petitioners' motion to continue an NRS 40.457 valuation hearing. In this writ petition, petitioners ask that this court order the district court to vacate these two anticipated orders.

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition may be warranted when the district court exceeds its jurisdiction. NRS 34.320. Either writ is an extraordinary remedy, and whether such petitions will be considered is within our sole discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Writ relief is not available when an adequate and speedy legal remedy exists, and the right to appeal is generally considered to be such a remedy. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004). Moreover, it is petitioners' burden to demonstrate that our extraordinary intervention is warranted. *Id.* at 228, 88 P.3d at 844.

Having considered petitioners' writ petition and appendix, we conclude that our extraordinary intervention is not warranted at this time. *Smith*, 107 Nev. at 677, 818 P.2d at 851. Preliminarily, the absence of written orders makes it impossible to determine the extent to which the district court may have abused its discretion, *Rust v. Clark Cnty. Sch. Dist.*, 103 Nev. 686, 688-89, 747 P.2d 1380, 1382 (1987) (recognizing that an oral ruling is ineffective for any purpose), and we are unable to otherwise infer from the documents in petitioners' appendix what the

district court's reasoning may have been. *See* NRAP 21(a)(4) (requiring a petitioner's appendix to include all documents "that may be essential to understand the matters set forth in the petition"). Moreover, with respect to the issues raised in the writ petition, petitioner has not demonstrated that an appeal would be an inadequate legal remedy. *Pan*, 120 Nev. at 224, 228, 88 P.3d at 841, 844. Accordingly, we deny the writ petition.

It is so ORDERED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Hon. Michael Villani, District Judge
      Connaghan Newberry Law Firm
      Mazur & Brooks, A PLC
      Eighth District Court Clerk

---

[1]In light of our order, petitioners' emergency motion for stay is denied as moot.