■ JOHN VASSALLO, Appellant, v TEXACO, INC., Respondent, et al., Defendants.—In an action to recover damages for wrongful discharge and conspiracy, plaintiff appeals from an order of the Supreme Court, Westchester County, dated March 28, 1978, which granted the motion of defendant Texaco, Inc., for summary judgment dismissing the complaint as against it. This court, *sua sponte,* deems the notice of appeal herein to be a premature notice of appeal from the judgment of the Supreme Court, Westchester County, dated June 12, 1978, upon the aforesaid order. Judgment affirmed, with $50 costs and disbursements. Plaintiff's action is predicated upon the contention that he was discharged by defendant Texaco, Inc., in violation of the terms of an employment contract and as a result of a conspiracy among Texaco and the other named defendants. With respect to his first cause of action, plaintiff contends that he received an oral commitment that his employment would continue "for an indefinite period of time" as long as his work remained satisfactory. However, an offer for employment for an indefinite period constitutes a hiring at will which can be terminated by

either party without a showing of cause (see *Grozek v Ragu Foods,* 63 AD2d 858; *Chase v United Hosp.,* 60 AD2d 558; *Walford v British Caledonian Airways,* 52 AD2d 922). Moreover, if this were not a hiring at will, the oral contract alleged by the plaintiff would be unenforceable under the Statute of Frauds since it could not be performed within one year (see *Zupan v Blumberg,* 2 NY2d 547). In addition, assuming that plaintiff's second cause of action does not state simply a conspiracy to breach a contract but a separate tortious interference with his employment (see, e.g., *North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171), Special Term was nevertheless correct in finding on this record that there was no genuine issue of fact as to Texaco's alleged complicity in such misconduct. Accordingly, summary judgment was properly granted to Texaco on both causes of action, and the judgment appealed from should be affirmed. Mollen, P. J., Titone, Mangano and Gibbons, JJ., concur.