DAYLE K. RUST, Appellant, *v.* CLARK COUNTY SCHOOL DISTRICT, Governmental Agency of Clark County; BOARD OF TRUSTEES OF CLARK COUNTY SCHOOL DISTRICT, VIRGINIA BROOKS BREWSTER, DONALD R. FAISS, ROBERT FORBUSS, BENDORF and SHIRLEY HOLST, in their capacities as School Board Trustees; ROBERT WENTZ, in his capacity as Superintendent of the Clark County Schools, Respondents.

No. 16338

December 31, 1987                                747 P.2d 1380

[Rehearing denied April 12, 1988]

*Jones, Jones, Close & Brown,* Las Vegas, and *Will Kemp,* for Appellant.

*Thomas J. Moore,* Las Vegas, for Respondents.

## OPINION

By the Court, SPRINGER, J.:

This is the second time this case has come before this court on appeal. The facts of this case are reported in our prior opinion in

this matter. *See* Rust v. Clark County School District, 100 Nev. 372, 683 P.2d 23 (1984). In *Rust,* we concluded that, although appellant had been guilty of misconduct, the penalty imposed for his single unexcused absence was so severe that it amounted to an abuse of discretion. We therefore reversed the prior judgment of the district court, and remanded the case to the Board of Trustees "for imposition of a penalty consistent with the views expressed in [our prior] opinion." *Id.* at 376, 683 P.2d at 26. On remand, the Board of Trustees reinstated appellant, but reduced him from a principal to an assistant principal. The Board imposed an additional penalty of suspension of his pay and benefits during the period between his dismissal and his reinstatement. Appellant petitioned the district court for judicial review of the Board's decision.

On January 11, 1985, following a hearing, the district court stated its intention to affirm the decision of the Board of Trustees and also announced that it would not file a written decision. Appellant filed a notice of appeal on January 16, 1985. Thereafter, on March 6, 1985, the district court entered a written judgment affirming the decision of the Board of Trustees. Respondents served written notice of entry of this judgment on appellant on March 21, 1985. Appellant, however, failed to file a new notice of appeal. Respondents contend, therefore, that appellant's notice of appeal was premature, and that the premature notice failed to vest jurisdiction in this court. We agree.

Generally, a premature notice of appeal fails to vest jurisdiction in this court. *See* NRAP 4(a); Hill v. Warden, 96 Nev. 38, 604 P.2d 807 (1980); Paradise Palms v. Paradise Homes, 93 Nev. 488, 568 P.2d 577 (1977); Elko-Tuscarora Co. v. Wines, 24 Nev. 305 (1898). There are sound reasons for this rule. First, the proper and timely filing of a notice of appeal is jurisdictional. *See* Mahaffey v. Investor's Nat'l Security, 102 Nev. 462, 725 P.2d 1218 (1986); Zugel v. Miller, 99 Nev. 100, 659 P.2d 296 (1983). Jurisdictional rules go to the very power of this court to act. They must, accordingly, be clear and absolute in order to give all fair notice of what is required to bring a matter properly before this court. Indeed, a timely notice of appeal divests the district court of jurisdiction to act and vests jurisdiction in this court. *See* Wilmurth v. District Court, 80 Nev. 337, 393 P.2d 302 (1964). Prior to the entry of a final judgment the district court remains free to reconsider and issue a written judgment different from its oral pronouncement. *See* Tener v. Babcock, 97 Nev. 369, 632 P.2d 1140 (1981); Lagrange Constr. v. Del E. Webb Corp., 83 Nev. 524, 435 P.2d 515 (1967); *see also* Rae v. All American Life & Cas. Co., 95 Nev. 920, 605 P.2d 196 (1979). The point at

which jurisdiction is transferred must, therefore, be sharply delineated.

Appellant contends that the district court misled appellant and induced him to file a premature notice of appeal by announcing that it did not intend to enter a written judgment, and that respondents caused confusion by causing a written judgment to be entered. This argument is unpersuasive. An oral pronouncement of judgment is not valid for any purpose, NRCP 58(c); therefore, only a written judgment has any effect, and only a written judgment may be appealed. See Tener v. Babcock, 97 Nev. 369, 632 P.2d 1140 (1981); Fitzharris v. Phillips, 74 Nev. 371, 333 P.2d 721 (1958). The district court's oral pronouncement from the bench, the clerk's minute order, and even an unfiled written order are ineffective for any purpose and cannot be appealed. See Farnham v. Farnham, 80 Nev. 180, 391 P.2d 26 (1964); Musso v. Triplett, 78 Nev. 355, 372 P.2d 687 (1962). Appellant, rather than filing a premature notice of appeal, should have requested a written judgment from the district court. At the very least, appellant should have filed an amended notice of appeal after the written judgment was entered on March 6, 1985. Further, we are not persuaded that counsel for respondents acted improperly in any way by seeking a written order from the district court. Nothing precluded appellant from filing an amended notice of appeal after written notice of entry of the written judgment was served on him. See Stoermer v. Edgar, 472 N.E.2d 400 (Ill. 1984).

Finally, it has been suggested that appellant's premature notice of appeal should be excused as a technical defect pursuant to Knox v. Dick, 99 Nev. 514, 665 P.2d 267 (1983). We disagree. Unlike the circumstances present in *Knox,* this case involves a notice of appeal that is truly premature. There is nothing technical about it. In *Knox,* a written judgment was appealed in a timely fashion; there was nothing wrong with the judgment other than the fact that the district court had not certified it as final pursuant to NRCP 54(b). Also, the judgment in *Knox* was unquestionably certifiable as final pursuant to NRCP 54(b). We concluded, therefore, that the prematurity of the notice of appeal in that case was purely technical. Contrarily, in this case, no written judgment was entered by the district court; and, consequently, there was no judgment to appeal from at the time appellant's notice of appeal was filed. As a result, appellant's premature notice of appeal did not divest the district court of jurisdiction to act at that time. See Wilmurth v. District Court, 80 Nev. 337, 393 P.2d 302 (1964).

Allowing a premature notice of appeal to be valid under the facts of this case would impose an unnecessary burden on this

court to determine on an ad hoc basis whether we have power to act and would so obscure rules of jurisdiction as to be detrimental to the judicial process. For example, if notices of appeal filed after the oral rendition of judgment, but before a final written judgment is entered, are held to be valid, it would become difficult, if not impossible, to determine when or if a final oral judgment has been rendered. Under such circumstances, this court would be required to issue numerous orders, and to grapple with fine and nonexistent distinctions between valid and invalid premature notices of appeal. Also, it would be difficult to determine when the thirty-day appeal period began to run under NRAP 4(a), whether post-judgment motions were timely and whether they would toll the appeal period that may or may not have commenced to run. Such a rule would render uncertain the validity of findings of fact, conclusions of law and a written judgment filed after a "timely" notice of appeal had been filed. Also, such a rule would ignore the possibility (and the possibility is not remote) that no judgment would ever be properly entered. In addition, questions would arise as to when a notice of cross-appeal would be due under such a flexible rule of jurisdiction. In light of these and other considerations, we decline to adopt such a rule in this state.

Other states have held that a premature notice of appeal is ineffective to vest jurisdiction in an appellate court to review a subsequently entered final judgment.[1] *See* Stoermer v. Edgar, 472 N.E.2d 400 (Ill. 1984); Mangus v. Progress Quarries, Inc., 622 P.2d 319 (Or. 1981); Glass v. Windsor Navigation Company, 504 P.2d 1135 (Wash. 1973); Vassallo v. Texaco, Inc., 422 NYS.2d 747 (N.Y.App.Div. 1979). Also, in analogous cases, where a notice of appeal was filed during the pendency of a timely post-trial motion, the notices have been held to be premature and of no effect. *See* Pessolano v. George R. Price & Associates, 283 S.E.2d 317 (Ga.App. 1981); Rutledge v. Vonfeldt, 564 P.2d 350 (Wyo. 1977); *see also* Gulf Oil Co. v. Mantegna, 307 S.E.2d 732 (Ga.App. 1983); Blanchette v. Martell, 368 N.E.2d 458 (Ill.App. 1977). We conclude that the result of these authorities is sound.

---

[1]The dissent has suggested that the federal courts, under similar rules of procedure, have treated this type of premature filing as a technical defect not affecting the substantial rights of the parties. In support of this proposition, the dissent cites Forman v. Davis, 371 U.S. 178 (1962); Hodge v. Hodge, 507 F.2d 87 (3rd Cir. 1975); and Ruby v. Secretary of United States Navy, 365 F.2d 385 (9th Cir. 1966), *cert. denied*, 386 U.S. 1011 (1967). We note that *Hodge* and *Ruby* have not been cited since they were decided. We also noted that *Hodge* and *Ruby* relied for authority on Lemke v. United States, 346 U.S. 325 (1953). *Lemke* was a criminal matter which presented issues completely foreign to the civil matter now before this court. We note further that the federal rules in effect at the time *Hodge* and *Ruby* were decided were

We conclude that we lack jurisdiction to entertain this appeal. Accordingly, we dismiss this appeal.[2]

GUNDERSON, C. J., and YOUNG, J., and ZENOFF, Sr. J., concur.

MOWBRAY, J., dissenting:

Respectfully I dissent.

This appeal is focused on the 1979 dismissal of appellant Dayle K. Rust, a longtime Clark County School District employee and a principal of over twenty years satisfactory service. The School District dismissed Rust for insubordination. That insubordination consisted of visiting Rust's son who was completing a two-year religious mission in Europe. Rust's plans to visit his son were known to and approved by the School District. They were predicated upon a standard policy of the School District which allowed liberal use of earned leave days. Rust had first discussed his trip with the School District's Associate Superintendent for Personnel eight months before his departure. Rust spent many evenings and numerous weekends making the necessary arrangements for the trip so that his school would run smoothly during his absence. The school did so.

Sixteen days before Rust's scheduled departure on October 3, 1979, the School District changed its leave policy. It limited administrators' use of earned leave to no more than five school days per year, or two days in succession except in cases of an "emergency." Rust had accumulated over forty days of leave. He had sought to use ten of those forty days on his trip to see his son. Rust's request for leave was denied by his supervising administrator on September 25th. Rust indicated that he nevertheless intended to fulfill his commitment to his son by completing the trip as he had planned.

On October 3rd Rust left for Europe. When he returned on October 18th he was served with a Notice of Suspension remov-

not substantially similar to our present rules of procedure. In particular, FRCP 73(a) then provided that the period for filing a notice of appeal could be extended on a showing of excusable neglect. *See* Plant Economy, Inc. v. Mirror Insulation Company, 308 F.2d 275 (3rd Cir. 1962). Contrarily, NRAP 3(a) expressly makes the timely filing of a notice of appeal mandatory. Finally, the technical defect found not to be jurisdictional in *Forman* did not concern the timeliness of a notice of appeal. Instead, the *Forman* court refused to read the text of a timely notice of appeal restrictively. Indeed, two notices of appeal were filed in *Forman,* and the first one was held to have been premature and of no effect. We have similarly upheld the validity of a poorly drafted, but timely, notice of appeal. *See* Ross v. Giacomo, 97 Nev. 550, 635 P.2d 298 (1981).

[2]THE HONORABLE DAVID ZENOFF, Senior Justice, was appointed to participate in this case in the place of THE HONORABLE THOMAS L. STEFFEN, who voluntarily disqualified himself. Nev. Const. art. 6, § 19; SCR 10.

ing him immediately from his position as principal and as an administrator with the Clark County School District. After a hearing, the School District dismissed Rust from its employ. The district court affirmed the ruling of the School District. On appeal from the district court's ruling, we held that the penalty imposed by the School District was excessive and we reversed and remanded the case with instructions to return the proceedings to the School District for the imposition of a new penalty consistent with the views expressed in our opinion. Rust v. Clark County School District, 100 Nev. 372, 683 P.2d 23 (1984). The School District reinstated Rust, reducing him, however, to an assistant principal commencing October 15, 1984. The School District also imposed on Rust a five-year suspension of Rust's pay and benefits commencing October 18, 1979 through October 14, 1984, which was the period of time covering Rust's initial appeal. Rust appealed that decision to the district court. The district court affirmed the ruling of the School District.

## THE JURISDICTION

As a threshold issue, the School District has urged dismissal of Rust's appeal for lack of jurisdiction on the grounds that the appeal is premature. My brethren have agreed and have denied Rust's appeal on that ground. I disagree. I would consider the appeal on its merits and I would reverse the district court's ruling in favor of the School District, and remand with instructions to enter a judgment in favor of Rust. The district court heard the case on January 11, 1985 and pronounced judgment in the School District's favor on that date. At the time the district court pronounced and entered judgment on January 11th, the court stated that it would not file a written decision. Rust filed his Notice of Appeal on January 16, 1985. Later, the district court entered a written judgment on March 6, 1985. That Order of March 6th expressly reflected the district court's earlier pronouncement and judgment of January 11, 1985.

It is true that counsel for Rust should have filed a second Notice of Appeal after the district court filed its written judgment on March 6th, NRAP 3A(b)(1), because Rust's Notice of Appeal filed on January 16th was technically premature.

The federal courts under similar rules of procedure have treated this type of premature filing as a technical defect and not one affecting the substantial rights of the parties. *See* Hodge v. Hodge, 507 F.2d 87, 89 (3rd Cir. 1975); Ruby v. Secretary of United States Navy, 365 F.2d 385, 389 (9th Cir. 1966), *cert. denied,* 386 U.S. 1011 (1967).[1]

---

[1]This result has since been codified in Fed.R.App. P. 4(a)(2) (as amended 1979).

As Judge Van Dusen said in *Hodge:*

Notice of appeal to the court of appeals was filed in the district court on March 11, 1974. Judge Hoffman's written order was filed March 14, 1974. The appeal was thus premature. *See Moore,* Federal Practice, Para. 204.14 at 981-82 (2d ed. 1973). So long as the order is an appealable one and the nonappealing party is not prejudiced by the prematurity, however, the court of appeals should proceed to decide the case on the merits, rather than dismiss on the basis of such a technicality. Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Hamilton v. Stillwell Van and Storage Co., 343 F.2d 453 (3d Cir. 1965).

In Foman v. Davis, 371 U.S 178, 181-182 (1962), Justice Goldberg, speaking for the U.S. Supreme Court,

It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley v. Gibson, 355 U.S. 41, 48. The Rules themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action." Rule 1.

Our own Nevada Rules of Appellate Procedure also provide:

(c) Construction of Rules. These rules shall be liberally construed to secure the proper and efficient administration of the business and affairs of the court and to promote and facilitate the administration of justice by the court.

Rule 1.

For these reasons I disagree with the majority in denying Rust's appeal on the issue of jurisdiction. There has been no showing of prejudice to the School District by Rust's premature filing of his Notice of Appeal. There is not a scintilla of prejudice present in the instant case resulting from the premature filing of Rust's Notice of Appeal. The prematurity of the Notice of Appeal is a technical defect which does not affect the substantial rights of the parties. I would therefore give Rust his day in court. I would consider the case on its merits.

## THE SUSPENSION

In our first *Rust* opinion, we instructed the School District to impose a penalty consistent with our decision. *Rust, supra.* In

response, the School District imposed a suspension of all pay and benefits for that period of time during which Rust exercised his legal right to appeal the original decision of dismissal.

Rust's right to appeal is statutory. NRS 391.3194(4). The School District may not emasculate that right and penalize Rust for doing what he was lawfully entitled to do. Watson v. Housing Authority, 97 Nev. 240, 627 P.2d 405 (1981). The right to a judicial review is a substantial right. It is not a mere nominal or illusory right. I would not approve a result whereby a School District effectually penalizes an appellant for prevailing upon an appeal. Nor would I hesitate to step in when the decision of a School District is arbitrary, oppressive and an abuse of discretion. State ex rel. Johns v. Gragson, 89 Nev. 478, 515 P.2d 65 (1973).

The imposition of the five year suspension of Rust's pay and benefits by the School District was both arbitrary and capricious, and an abuse of discretion. The only "wrong" Rust committed, after twenty years of faithful and dedicated service to the School District and to those whom he served, was to visit his son at the conclusion of his son's missionary assignment.

## CONCLUSION

I would reverse the judgment of the district court and remand, with instructions to return the case to the School District Board of Trustees so that Rust would receive reimbursement of all salary and benefits, including pension rights, due to him from October 18, 1979 through October 14, 1984 with interest thereon as provided in NRS 99.040; such sums should be offset by any actual income earned by Rust during this period. I would further include in our instructions that as Rust held the position of principal at the time of his suspension, his reimbursement should be predicated upon his salary level and benefits at that time.