An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF: I.W.; D.W. AND C.P., MINORS,

No. 63559

CHRISTINA W.,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ROBERT TEUTON, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

**FILED**

JUL 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER DENYING PETITION FOR A WRIT OF MANDAMUS OR, IN THE ALTERNATIVE, PROHIBITION*

This is an original petition for a writ of mandamus or, in the alternative, prohibition that challenges a district court order terminating state custody over two of the minor children and directing that the children be placed with their father.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition is available when a district court acts without or in excess of its jurisdiction. NRS 34.320; *State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 146-47, 42 P.3d 233, 237 (2002). Both mandamus and prohibition are extraordinary remedies, and whether a petition for extraordinary relief will be considered is solely within our discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). It is petitioner's

SUPREME COURT
OF
NEVADA

(O) 1947A

13-20523

burden to demonstrate that our extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Petitioner acknowledges in the petition that no written order reflecting the district court's ruling has been entered. This court has held that the district court's oral pronouncement from the bench is ineffective for any purpose. *Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987). Moreover, the district court noted at the July 2, 2013, hearing that the State of Illinois is the jurisdiction to resolve the issue of custody as to these children. Under these circumstances, we conclude that our intervention by way of extraordinary relief is not warranted. *See* NRAP 21(b); *Pan*, 120 Nev. at 228, 88 P.3d at 844; *Smith,* 107 Nev. at 677, 818 P.2d at 851 (stating that the issuance of an extraordinary writ is purely discretionary with this court). Accordingly, we

ORDER the petition DENIED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:     Hon. Robert Teuton, District Judge, Family Court Division
        Special Public Defender
        Clark County District Attorney/Juvenile Division
        Eighth District Court Clerk

---

[1]In light of our decision in this matter, we deny petitioner's request for a stay as moot.