An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

PAUL A. MORABITO,
Petitioner,

vs.

THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA, IN
AND FOR THE COUNTY OF WASHOE;
AND THE HONORABLE BRENT ADAMS,
Respondents,

and

JH, INC., A NEVADA CORPORATION;
JERRY HERBST; AND BERRY-
HINCKLEY INDUSTRIES, A NEVADA
CORPORATION,
Real Parties in Interest.

No. 65319

**FILED**

APR 1 8 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER DENYING PETITION FOR WRIT OF PROHIBITION

This original petition for a writ of prohibition challenges a district court order granting a motion to compel petitioner's deposition.

This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Whether to consider a writ petition is within this court's discretion. *Smith*, 107 Nev. at 677, 818 P.2d at 851. Petitioner bears the burden of demonstrating that extraordinary relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

According to the petition, during a telephonic hearing, the district court ordered petitioner, who is a California resident, to appear for a deposition in Washoe County, Nevada. Petitioner contends that a writ of prohibition is appropriate because he should have been "afforded the opportunity to be deposed in the district in which he resides." Petitioner further contends that the district court should be restrained from

SUPREME COURT
OF
NEVADA

(O) 1947A

14-12513

compelling his attendance at a deposition in Nevada because real parties in interest improperly filed the underlying confession of judgment with the same district court case number as a previous district court action that was dismissed on the parties' stipulation, making the order compelling petitioner's deposition in the confessed judgment proceeding void.

Having considered the petition, answer, reply, and the appendices, we conclude that our extraordinary intervention is not warranted at this time. *Smith*, 107 Nev. at 677, 818 P.2d at 851. In particular, petitioner did not provide this court with a copy of a written order memorializing the district court's ruling that petitioner appear in Washoe County for a deposition, *see Rust v. Clark Cnty. Sch. Dist.*, 103 Nev. 686, 688-89, 747 P.2d 1380, 1382 (1987) (recognizing that an oral ruling is ineffective for any purpose), and we are not otherwise convinced that petitioner's argument regarding the district court's jurisdiction over the confession of judgment proceedings warrants our extraordinary intervention, at least at this point in the proceedings. *See Pan*, 120 Nev. at 228, 88 P.3d at 844; *Smith*, 107 Nev. at 677, 818 P.2d at 851. Thus, under these circumstances, we

ORDER the petition DENIED.[1]

_____ Pickering _____, J.
Pickering

_____ Parraguirre _____, J.
Parraguirre

_____ Saitta _____, J.
Saitta

---

[1]In light of our resolution of this matter, we vacate the temporary stay imposed by our April 4, 2014, order.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Brent T. Adams, District Judge
Robison Belaustegui Sharp & Low
Gordon Silver/Reno
Washoe District Court Clerk