An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TRASHED HOME CORPORATION, A NEVADA CORPORATION, Appellant, vs. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, AN ILLINOIS CORPORATION; PENNYMAC CORPORATION, A DELAWARE CORPORATION; MERIDIAS CAPITAL, INC., A NEVADA CORPORATION; AND TIANHUA GUO, AN INDIVIDUAL, Respondents. | No. 63861 FILED AUG 2 5 2014 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ DEPUTY CLERK |

*ORDER DISMISSING APPEAL*

When our preliminary review of the docketing statement and the NRAP 3(g) documents submitted to this court revealed a potential jurisdictional defect, we ordered appellant to show cause why this appeal should not be dismissed. Specifically, it appeared that claims against two respondents regarding the validity of the foreclosure sale at which appellant purchased the subject property remained pending below, and the order being appealed did not contain a certification under NRCP 54(b).[1] Appellant timely responded to this court's order, arguing that (1) the claims against these respondents were expressly resolved by the appealed order; (2) the claims against these respondents were implicitly resolved by the appealed order; (3) appellant was in the process of seeking an NRCP 54(b) certification; and/or (4) appellant was in the process of seeking a default judgment against these respondents.

---

[1]This defect was also identified in a September 17, 2013, motion to dismiss filed by respondents. In part because appellant indicated in opposition to respondents' motion that appellant would take steps to cure the defect, we denied respondents' motion to dismiss.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-28054

The first two of these explanations are not supported by the terms of the appealed order.[2] After three months elapsed without appellant apprising this court as to the status of appellant's third or fourth explanations, we again ordered appellant to show cause why this appeal should not be dismissed. In its timely response to our second show-cause order, appellant repeated its assertions that the appealed order is a final judgment and also contended that jurisdiction over this appeal is proper under NRAP 3A(b)(3) as an appeal from an order denying an injunction.

Having considered appellant's second response, we remain unconvinced that jurisdiction over this appeal is proper, as the defect identified by this court's two orders has not been cured, and, contrary to appellant's new contention, the appealed order does not involve an injunction. Accordingly, as appellant failed to demonstrate jurisdiction, we conclude that we lack jurisdiction and that dismissal of this appeal is warranted. Thus, we

ORDER this appeal DISMISSED.

_____, J.
Hardesty

_____, J.                    _____, J.
Douglas                                 Cherry

_____

[2]To the extent that appellant is suggesting that the district court docket entry suffices as a dismissal of all named defendants, this suggestion is without merit. *Rust v. Clark Cnty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (indicating that only a written and filed order has any effect). Likewise, because the appealed order granted "defendants' motion to dismiss," the order necessarily dismissed appellant's complaint only as to those defendants who filed a motion to dismiss. *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 444, 874 P.2d 729, 733 (1994) (recognizing that this court determines the finality of an order by looking to what the order actually does).

cc:  Hon. Susan Johnson, District Judge
     Kang & Associates PLLC
     Akerman LLP/Las Vegas
     Eighth District Court Clerk