An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SCOTT LEE VASAITIS,
Appellant,
vs.
MELISSA ANN MATUSKA,
Respondent.

No. 64043

**FILED**

OCT 15 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is a fast track child custody appeal from a district court order granting respondent's motion to relocate with the parties' minor child. Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

Respondent, who had primary physical custody of the parties' minor child, filed a motion to relocate with the child to Indiana. In May 2012, an evidentiary hearing was held before District Court Judge Robert Teuton. The court's minutes of that hearing reflect Judge Teuton's denial of the relocation motion, concluding that while some of the *Schwartz v. Schwartz*, 107 Nev. 378, 812 P.2d 1268 (1991), factors weighed in favor of relocation, relocation could not be granted without further testimony regarding the effect relocation would have on the emotional and psychological bond between appellant and the child, who had a developmental condition. No written order from that hearing was entered.

For reasons unclear from the record, the matter was then heard by several other judges, including District Court Judge Gerald Hardcastle, who conducted a status hearing in April 2013 and set an evidentiary hearing concerning the specific issue of whether the child

14-34233

would be able to maintain a relationship with appellant if respondent relocated with the child. The evidentiary hearing was conducted in July 2013 by District Court Judge Jack Ames, who concluded, over appellant's objection, that the relocation motion had been granted and that the only issue pending was the visitation schedule for appellant. Thus, Judge Ames limited the evidence offered to evidence addressing the visitation schedule. Thereafter, an order granting the motion to relocate, without addressing the *Schwartz* factors, and setting the visitation schedule was entered. This appeal followed.

Having considered the parties' arguments and the record on appeal, we conclude that the district court abused its discretion when it granted the motion to relocate. *See Wallace v. Wallace*, 112 Nev. 1015, 1019-20, 922 P.2d 541, 543 (1996) (providing that this court reviews a child custody decision for an abuse of discretion). In considering a motion to relocate filed by a parent with primary physical custody of the child, the court must consider the factors provided in *Schwartz*, 107 Nev. at 382-83, 812 P.2d at 1271. Although Judge Teuton considered the *Schwartz* factors at the May 2012 hearing and concluded that certain factors weighed in favor of relocation, that decision was never reduced to a written order. *See Rust v. Clark Cnty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (explaining that an oral ruling is not valid for any purpose). Additionally, Judge Teuton determined that relocation could not be granted because more information was necessary regarding the effect the child's developmental condition would have on appellant's ability to maintain a relationship with the child after the relocation occurred. At the subsequent evidentiary hearing, Judge Ames erroneously concluded that the relocation motion had been granted and that only the visitation

schedule remained to be decided. Judge Ames never expressly considered the issue ostensibly left open by Judge Teuton regarding appellant's opportunity to maintain a visitation schedule that adequately fosters and preserves the parental relationship in light of the child's developmental condition, or any of the other *Schwartz* factors. Given the lack of continuity in the judges hearing this matter and the fact that the order granting relocation does not expressly address the *Schwartz* factors, we reverse and remand this matter to the district court to conduct an evidentiary hearing considering the relocation motion under *Schwartz*, including whether appellant will be able to maintain a visitation schedule that will adequately foster and preserve the parental relationship in light of the child's developmental condition.

It is so ORDERED.[1]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Parraguirre

_____

[1]We have determined that this appeal should be submitted for decision on the fast track statement and response and the appellate record without oral argument. *See* NRAP 3E(g)(1); *see also* NRAP 34(f)(1).

Further, in light of this order, we need not address appellant's additional arguments.

cc: Hon. Robert Teuton, District Judge, Family Court Division
Hon. Jack Ames, Senior Judge
Robert E. Gaston, Settlement Judge
Hitzke & Associates
Brewer Blau Law Group
Eighth District Court Clerk