An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA DEPARTMENT OF TRANSPORTATION; AND JAMES CLARK SPENDLOVE, Petitioners, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE STEFANY MILEY, DISTRICT JUDGE, Respondents, and EBONI RICHARD, Real Party in Interest. | No. 66925 FILED JAN 15 2015 |

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This original petition for a writ of mandamus challenges a district court order denying a motion to dismiss for failure to timely serve process and granting a motion to enlarge time in which to serve process.

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). It is petitioners' burden to demonstrate that this court's extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Having considered petitioners' arguments, and in light of real party in interest's actual service on both petitioners before this writ petition was filed, we are not persuaded that our intervention is

15-01697

warranted. *Id.* In particular, it appears that the district court gave credence to real party in interest's arguments that she reasonably believed that service of process had been timely accomplished on both petitioners.[1] Given the factual assertions that were made to the district court, the district court did not arbitrarily or capriciously exercise its discretion in granting real party in interest an enlargement of time in which to serve process on petitioners.[2] *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558; *see Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. ___, ___, 245 P.3d 1198, 1200 (2010) (explaining that the good-cause determinations under NRCP 4(i) are within the district court's discretion). Accordingly, we

ORDER the petition DENIED.

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                               Cherry

---

[1]The challenged order has not been reduced to writing and entered on the district court's docket, which would constitute an independent basis for denying this writ petition. *See Rust v. Clark Cnty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (recognizing that a "district court's oral pronouncement from the bench" is "ineffective for any purpose").

[2]Petitioners contend that, based on the information provided in the accident report, real party in interest was unreasonable in believing that petitioner Spendlove had been properly served. This contention was not made in the district court and therefore has no bearing on whether the district court properly exercised its discretion in granting the motion for an enlargement of time.

cc: Hon. Stefany Miley, District Judge
Attorney General/Transportation Division/Carson City
Atkin Winner & Sherrod
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A