An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DESIGN 3.2 LLC,
Appellant,
vs.
BANK OF NEW YORK MELLON,
Respondent.

No. 63605

FILED

APR 17 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

The district court granted respondent's motion for summary judgment, finding that respondent was entitled to a judgment as a matter of law because foreclosure of an NRS 116.3116(2) superpriority lien does not extinguish a first priority security interest and because appellant "is not a bona fide purchaser for value." In *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. Adv. Op. No. 75, 334 P.3d 408 (2014), this court decided that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. Thus, the district court's decision, insofar as it was based on the conclusion that appellant had record notice of a first-priority security interest, was based on an

15-11606

erroneous interpretation of the controlling law and did not reach the other issues colorably asserted.[1] Accordingly, we

REVERSE the order granting summary judgment AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Eighth Judicial District Court Dept. 15
        James S. Kent
        Patrick K. McKnight
        Akerman LLP/Las Vegas
        Malcolm Cisneros
        Eighth District Court Clerk

---

[1]Respondent contends that appellant's arguments regarding NRS 116.3116(2) have been waived since appellant failed to raise those arguments in opposing respondent's motion for summary judgment. We disagree, as appellant raised those arguments in its July 26, 2012, motion for declaratory relief, which was part of the district court record when the district court granted summary judgment in respondent's favor. *See Rust v. Clark Cnty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (recognizing that "[t]he district court's oral pronouncement from the bench [or] the clerk's minute order . . . are ineffective for any purpose").