## IN THE SUPREME COURT OF THE STATE OF NEVADA

CARLOS A. HUERTA, AN INDIVIDUAL; CARLOS A. HUERTA AS TRUSTEE OF THE ALEXANDER CHRISTOPHER TRUST, A TRUST ESTABLISHED IN NEVADA AS ASSIGNEE OF INTERESTS OF GO GLOBAL, INC., A NEVADA CORPORATION,
Appellants,
vs.
SIG ROGICH, A/K/A SIGMUND ROGICH AS TRUSTEE OF THE ROGICH FAMILY IRREVOCABLE TRUST,
Respondent.

No. 67595

**FILED**

JUN 20 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from post-judgment orders awarding attorney fees and costs.[1] Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

The district court awarded attorney fees to respondent under paragraph 7(d) of the Purchase Agreement, which provides that if an action is "instituted to interpret or enforce the terms and provisions of [the] Agreement," then the "prevailing party" is entitled to attorney fees. The district court determined that attorney fees were warranted because appellants "instituted" the underlying action to enforce the provisions of the Agreement and because respondent "prevailed" by obtaining summary judgment in his favor on all of appellants' claims against him.

---

[1]We direct the clerk of the court to modify the caption on the docket for this case to conform with the caption on this order, which reflects that Eldorado Hills, LLC is not a party to this appeal.

Appellants contend that the district court erred in determining that respondent was a "prevailing party" because although respondent was granted summary judgment in his favor, he did not obtain summary judgment by refuting the factual and legal basis for appellants' claims.[2] This court's case law defining "prevailing party" imposes no such requirement, *see Las Vegas Metro. Police Dep't v. Blackjack Bonding, Inc.*, 131 Nev., Adv. Op. 10, 343 P.3d 608, 615 (2015) ("A party prevails if it succeeds on *any significant issue* in litigation which achieves some of the benefit it sought . . . ." (internal quotation omitted)), and the other authorities cited by appellants do not stand for such a proposition. Accordingly, we agree with the district court that respondent was entitled to attorney fees under the unambiguous language of paragraph 7(d). *See Davis v. Beling*, 128 Nev. 301, 321, 278 P.3d 501, 515 (2012) (reviewing de novo an attorney fee award when the only dispute involves the interpretation of a fee provision in a contract, and recognizing that if an attorney fee provision in a contract "is clear and unambiguous [then it] will be enforced as written"). We therefore affirm the award of attorney fees in the district court's February 10, 2015, order.[3]

---

[2]To the extent that appellants are also contending that respondent needed to obtain a money judgment to be a prevailing party, that argument is meritless. *Cf. Davis v. Beling*, 128 Nev. 301, 321-22, 278 P.3d 501, 515 (2012) (recognizing that defendants were prevailing parties under a contract's attorney fee provision even though the defendants were not awarded a money judgment in relation to the claims brought against them).

[3]It is unclear whether appellants are challenging the specific amount of fees awarded or are disputing whether the award was imposed against the proper parties. In any event, a challenge to the specific amount would fail for lack of a cogent argument, *see Edwards v. Emperor's*

*continued on next page...*

Appellants have also appealed the district court's February 23, 2015, award of costs, but they make no arguments with regard to that award. Accordingly, we affirm the award of costs in that order.

It is so ORDERED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. Nancy L. Allf, District Judge
       Cohen Johnson Parker Edwards
       Fennemore Craig Jones Vargas/Las Vegas
       Eighth District Court Clerk

---

*...continued*
*Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006), and a dispute regarding the proper parties is moot, *see Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (oral pronouncements are invalid for any purpose).