N.R. SMITH, Circuit Judge, concurring in part and dissenting in part: I cannot conclude, as the majority does, that the district court abused its discretion in dismissing Plaintiffs’ Fourth Amendment claims because the Plaintiffs failed to name the proper party in interest.[1] “A district court abuses its discretion when it makes an error of law, when it rests its decision on clearly erroneous findings of fact, or when we are left with a definite and firm conviction that the district court committed a clear error of judgment.” United States v. 4.85 Acres of Land, More or Less, Situated in Lincoln Cty., Mont., 546 F.3d 613, 617 (9th Cir. 2008) (internal quotation marks and citation omitted). None of these errors occurred in the district court’s Rule 17 analysis. Further, we cannot reverse the district court under the abuse of discretion standard unless “the district court reache[d] a result that is illogical, implausible, or without support in the inference that may be drawn from the record.” Kode v. Carlson, 596 F.3d 608, 612 (9th Cir. 2010). . The district court dismissed the first and second claims- for relief (the Fourth Amendment claims) for lack of standing based on Federal Rule of Civil Procedure 17. Rule 17(a)(1) provides that-an action cannot be- prosecuted unless it is -asserted by the real party in interest. Thus, under Rule 17, a -claim must be dismissed if it is not brought by the real party in. interest. See Advanced-Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir. 1997). The parties, agree that the. named Plaintiffs (Johnathan Jones, Rosie Lee Mathews, and the Estate of Anthony Jones) are not the proper parties to assert the Fourth Amendment claims. Thus, we start with the assumption that these claims must be dismissed. The named parties do not have standing to bring them. - Rule 17(a)(3) does provide; a limited exception to this general rule. Rule 17(a)(3) provides that, (1) “when determination of the right party to sue is difficult,” or (2). “when an understandable mistake [in naming the real party in interest] has been made,” see U.S. for Use & Benefit of Wulff v. CM A Inc., 890 F.2d 1070, 1074 (9th Cir. 1989) (citing Note of Advisory Committee on 1966 Amendment to Fed. R. Civ. P. 17), courts “may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the' real party in interest to ratify, join, or be substituted into the action,” Fed. R. Civ. P. 17(a)(3). Because the district court did not commit legal error or reach an illogical or implausible decision in determining that the Rule 17(a)(3) exception does not apply in this case, we must affirm the district court (given our standard of review). Further, even assuming the Rule 17(a)(3) exception does apply, we must still affirm, because the district court satisfied the requirements of Rule 17(a)(3) before dismissing the Fourth Amendment claims. Finally, the Plaintiffs have never made the argument that the majority now articulates for them. A. The district court did not abuse its discretion in determining that the Rule 17(a)(3) exception does not apply to this case. The majority does not contend that “determination of the right party to sue” was difficult; indeed, that contention would have been difficult (if not impossible) to make. Nevada law plainly states who can bring a survival action. See Nev. Rev. Stat. § 41.100(3). The majority instead concludes that the district court abused its discretion in concluding that Plaintiffs’ mistake was not “understandable,”[2] According to the majority, it was understandable that Plaintiffs believed that they had named the proper party (in the proper capacity), because the district court had approved a stipulation that would amend their complaint to name Decedent’s estate as a plaintiff. The district court did not refuse this reasoning illogically, implausibly, or without support for several reasons. First, the district court correctly reasoned that the law was so clear that the mistake was not understandable. The Nevada law does not allow an estate to bring a survival action. Yet Plaintiffs insisted in their briefs to the district court—without ever citing any legal authority—that “the Estate of Anthony Jones is a party that can assert its own claims for relief.” This insistence-, without support, that no defect existed, was plainly wrong. Even the majority agrees. Second, although the district court approved a stipulation allowing Plaintiffs to amend the complaint to add the Estate of Anthony Jones as a plaintiff, the district court never stated or determined that the Estate of Anthony Jones was the proper party to bring the Fourth Amendment claims. In fact, the stipulation did not mention the Fourth Amendment claims and, when the stipulation was proposed and signed, any issues over the proper party in interest had never been raised. Thus, it was not reasonable for Plaintiffs to interpret the approved stipulation as an endorsement of the propriety of their Amended Complaint. Third, the district court found the reasons given for Plaintiffs’ mistake to be disingenuous. Plaintiffs asserted in their original and Amended Complaint that Johnathan Jones had “filed the necessary documents with the Clark County Probate Court to be appointed as the special administrator of THE ESTATE OF ANTHONY JONES.” However, after the motion for summary judgment was filed, it was clear that Johnathan Jones had not in fact filed the necessary documents to complete this process. Nevertheless, in Plaintiffs briefs to the district court, they continually insisted that their original assertion was accurate. Also important, Plaintiffs never explained to the district court why they had to add the Estate of Anthony Jones as a plaintiff if Johnathan Jones had filed all 'the necessary documents to have legal standing to bring the Fourth Amendment claims. In sum, it was not an abuse of discretion for the district court to conclude that Plaintiffs’ mistake was not understandable when it was, based on an unfounded interpretation of the law, and an inaccurate account of the facts, B. Even assuming that Plaintiffs had -made an “understandable mistake,” the district court did not abuse its discretion in dismissing the Fourth Amendment claims. The district court gave Plaintiffs ample time to substitúte the real party in interest, as Rule 17(a)(3) requires. Rule 17 requires district courts to give plaintiffs “a reasonable time” to substitute the real party “after an objection” has been made. Defendants first objected that the real party in interest had not been named in their motion for summary judgment, filed on November 8, 2013. And yet, Plaintiffs did not seek to amend their complaint to name Johnathan Jones in his capacity as special administrator of Decedent’s estate until November 11, 2014—after the district court granted Defendants’ motion for summary judgment on November 6, 2014. Thus, Plaintiffs had a year to substitute the real party in interest after an objection was made. The plain language of Rule 17 does not require district courts to give plaintiffs “a reasonable time” to . substitute the real party in interest after the court has notified them that the real party in interest has not been named (as the majority suggests). Thus, the district court did not commit legal error (and did not abuse its discretion) in dismissing the Fourth Amendment claims after giving Plaintiffs a year after the objection was made to substitute the real party in interest. Moreover, Plaintiffs’ actions show they were on notice that they had not named the proper party. Just ten days after Defendants objected (on November 18, 2013), Plaintiffs filed (in Nevada state court) the ex parte order naming Johnathan Jones as special administrator of decedent’s estate, which had been signed (but not filed) seven months earlier—on April 9, 2013. This filing finally gave legal effect to the order. See Rust v. Clark Cty. Sch. Dist., 103 Nev. 686, 747 P.2d 1380, 1382 (1987). Thus, on November 18, 2013, Johnathan Jones gained the proper legal status to bring the Fourth Amendment claims. However, Plaintiffs never sought to amend the complaint to name the real party in interest until November 11, 2014, even though (1) Johnathan Jones gained the proper legal status a year earlier, and (2) Plaintiffs had previously acknowledged in their brief to the district court that Nevada Revised Statute section 41.100(3) extends the right to bring a survival action to the official representatives of an individual’s estate. Thus, Plaintiffs were given more than a reasonable amount of time to substitute the real party in interest after they became aware that Johnathan Jones did not have the proper status to assert the Fourth Amendment claims. Accordingly, the district court did not commit an error of law (and did not otherwise abuse its discretion) in concluding that Rule 17(a)(3) did not prevent the district court from dismissing the Fourth Amendment claims. C. Finally, the district court cannot have abused its discretion in failing to grant relief that was never requested. Plaintiffs have never argued to the district court that Rule 17(a)(3) required the district court to allow them to name Johnathan Jones, as administrator of Anthony Jones’s estate, as a party. Even after the district court granted Defendants’ motion for summary judgment, Plaintiffs still did not ever assert a Rule 17 defense; instead, they filed a Rule 15 motion and asserted that “justice requires leave to amend.” Thus, Plaintiffs have never even attempted to articulate to the district court why their mistake in not naming the proper party in interest was “understandable.” I agree that it is best to decide cases on the merits and 1 agree that, absent this unreasonable mistake in faffing to name the proper party, this case should proceed to trial. However, the majority here ignores the standard of review in reversing the district court’s Rule 17 decision. Instead, it reverses the district court on an argument never made by anyone but it. For all of these reasons, I would affirm the district court’s decision to dismiss the Fourth Amendment claims pursuant to Rule 17. . I concur with all aspects of the majority opinion except for the Rule 17 analysis. . Although not explicitly stated, the majority also appears to expand Rule 17's application to every "honest mistake,” even if that mistake was.the product of willful blindness to the law’s requirements or lack of due diligence. Such an expansion is improper, because it is unsupported by our case law.