IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| AMETHYST PAYNE; IRIS PODESTA-MIRELES; ANTHONY NAPOLITANO; ISAIAH PAVIA-CRUZ; VICTORIA WAKED; CHARLES PLOSKI; DARIUSH NAIMI; TABITHA ASARE; SCOTT HOWARD; RALPH WYNCOOP; ELAINA ABING; AND WILLIAM TURNLEY, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, Appellants/Cross-Respondents, vs. STATE OF NEVADA, DEPARTMENT OF EMPLOYMENT, TRAINING AND REHABILITATION (DETR); HEATHER KORBULIC IN HER OFFICIAL CAPACITY ONLY AS NEVADA DIRECTOR OF EMPLOYMENT, TRAINING AND REHABILITATION; DENNIS PEREA IN HIS OFFICIAL CAPACITY AS DEPUTY DIRECTOR OF DETR ; AND KIMBERLY GAA, IN HER OFFICIAL CAPACITY ONLY AS THE ADMINISTRATOR FOR THE EMPLOYMENT SECURITY DIVISION (ESD), Respondents/Cross-Appellants. | No. 81582 |

FILED

AUG 26 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL AND CROSS-APPEAL

This is an appeal and cross-appeal from a July 22, 2020, district court order granting in part and denying in part a petition for a writ of mandamus in an unemployment benefits matter. Second Judicial District Court, Washoe County; Barry L. Breslow, Judge.

Specifically, in the July 22 order, the district court described generally who should be considered a covered individual for purposes of

20-31418

Pandemic Unemployment Assistance and ordered that payments to individuals whose payments had begun and then stopped (except for certain specified reasons) must be restarted by July 28, 2020.[1] In the order, the court also scheduled a hearing for July 30, 2020, to address progress made on three specified issues: resolving the "UI/PUA loop," resolving the claims of the earliest filers, and addressing the purported non-eligibility of people who filed claims before the first case of COVID-19 was confirmed in Nevada. Finally, the court ordered that all other forms of relief requested were "denied with right to renew" and reserved the right "to modify sua sponte the relief ordered" as a result of information provided at the July 30 hearing.

When our review of the documents before this court revealed a potential jurisdictional defect, we directed the parties to show cause why this appeal and cross-appeal should not be dismissed for lack of jurisdiction. In particular, we noted, the district court's order left undecided certain issues pending further proceedings, including concerns regarding claimants who were denied benefits because they ostensibly were eligible for benefits under a program different from that for which they applied, which is one of the issues appellants raise on appeal. We also pointed out that the district court reserved the right to modify its order as result of those further proceedings, which, we explained, indicated that the appealed order did not finally resolve the entire matter before the district court.

The parties timely responded to the show cause order, arguing that we have jurisdiction for a number of reasons. First, they assert that the issues the July 22 order reserved for further review are not properly

---

[1]The district court appears to have thus ordered relief to a generalized group of individuals beyond the named petitioners even though it did not determine whether a class action could be maintained or certify any particular class under NRCP 23.

considered part of the relief requested in the mandamus petition below, but were intertwined with that requested relief such that the order, in denying "all other forms of relief," should be treated as finally resolving all claims and issues. However, it appears that the "other forms of relief" did not include the relief requested with respect to the three issues preserved for further proceedings on July 30, which were argued by the parties and considered by the district court whether or not they were formally included in the writ petition.

And even if we read the July 22 order as equating to a dismissal without prejudice, as appellants suggest, orders dismissing without prejudice do not necessarily finally resolve the issues before the court. *Bergenfield v. BAC Home Loans Servicing*, 131 Nev. 683, 685, 354 P.3d 1282, 1284 (2015) ("[A] district court order dismissing a complaint with leave to amend is not final and appealable."). Instead, a final order is needed, *id.*, and thus, the fact that the court did not issue a modification order resulting from the July 30 hearing does nothing to confirm jurisdiction in this court. Indeed, the district court apparently did not resolve the pending issues at the July 30 hearing but continued the matter to an August 20, 2020, hearing.

Moreover, appellants state that, during this time, they also renewed their motion for relief. Thus, the July 22 order identified in the notices of appeal and cross-appeal did not finally resolve all issues before the district court. As appeals may be properly taken from orders granting or denying writ petitions only when the order finally resolves the matter,[2]

---

[2]For this reason and because no authority for the proposition was provided, we decline to treat the July 22 order as one that granted and denied an injunction appealable under NRAP 3A(b)(3).

*City of N. Las Vegas v. Eighth Judicial Dist. Court*, 122 Nev. 1197, 1204, 147 P.3d 1109, 1114 (2006); *see* NRAP 3A(b)(1); *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 427, 996 P.2d 416, 417, 418 (2000) (explaining that "a final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs," and that the final judgment rule promotes judicial economy by avoiding piecemeal review), we lack jurisdiction over this appeal and cross-appeal from the July 22 order. And although appellants argue that, at the August 20 hearing, the district court clarified that it was fully resolving the matter and also indicated that it would certify the July 22 order as final under NRCP 54(b), no written order doing either has been submitted to this court or identified in a notice of appeal. *See Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) ("[O]nly a written judgment may be appealed."). Therefore, we conclude that we lack jurisdiction and

ORDER this appeal and cross-appeal DISMISSED.[3]

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

---

[3]In light of this order, appellants' motion for immediate relief is denied as moot. This order does not preclude appellants and cross-appellants from filing a new notice of appeal once the district court enters a final, appealable order in this matter.

cc: Hon. Barry L. Breslow, District Judge
Thierman Buck LLP
Attorney General/Carson City
Attorney General/Las Vegas
Washoe District Court Clerk