# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM VANHUSS, IN RE:
HEATHER LOUISE WALLEN,
Petitioner,
vs.
THE FIFTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF NYE;
AND THE HONORABLE KIMBERLY A.
WANKER, DISTRICT JUDGE,
Respondents,
  and
ALEXIS M. DUECKER; AND NYE
COUNTY DISTRICT ATTORNEY'S
OFFICE,
Real Parties in Interest.

No. 84702

FILED

MAY 25 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
       DEPUTY CLERK

## ORDER DENYING PETITION

This is a pro se petition for a writ of mandamus or prohibition. Petitioner argues that the district court acted with bias and prejudice towards Heather Louise Wallen in the underlying district court criminal case, and that Wallen's court-appointed attorney is ineffective, thus violating Wallen's constitutional rights.

Petitioner William Vanhuss has filed the instant petition for a writ of mandamus or prohibition, purportedly on behalf of Heather Louise Wallen, defendant in the underlying criminal case. Petitioner, however, does not identify his interest in the actions of the district court below, appear to be Wallen's attorney, nor does he even explain his relationship to Wallen. Therefore, petitioner has not demonstrated standing to petition on Wallen's behalf. *See High Noon at Arlington Ranch Homeowners Assoc. v. Eighth Judicial Dist. Court*, 133 Nev. 500, 507, 402 P.3d 639, 645-46 (2017)

22-16686

("Under Nevada law, an action must be commenced by the real party in interest—'one who possess the right to enforce the claim and has a significant interest in the litigation.' Generally, a party has standing to assert only its own rights and cannot raise the claims of a third party not before the court." (internal citations omitted)). Furthermore, Wallen has not signed any portion of the petition or the accompanying affidavit, despite the affidavit swearing submission by Wallen, nor has any documentation that petitioner has appropriate agency to file such documents on Wallen's behalf been filed. *See* NRAP 21(a)(5) (requiring petitioner verify the petition or the facts therein by affidavit). Finally, petitioner has not provided this court with documents "essential to understand the matters set forth in the petition," including any copies of orders entered by the district court. *See* NRAP 21(a)(4) (providing the petitioner shall submit an appendix containing all documents "essential to understand the matters set forth in the petition"); *see also Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) ("An oral pronouncement of judgment is not valid for any purpose . . . ."). Therefore, without deciding the merits of the claims raised, we find that petitioner has not demonstrated standing to file the instant petition and decline to exercise our original jurisdiction in this matter. *See* NRAP 21(b). Accordingly, we

     ORDER the petition DENIED.

                                           , C.J.
                               Parraguirre

              , J.                       , J.
Hardesty                          Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Kimberly A. Wanker, District Judge
William Vanhuss
AMD Law, PLLC
Nye County District Attorney
Nye County Clerk