IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| BARRY JAMES RIVES, M.D.; AND LAPAROSCOPIC SURGERY OF NEVADA, LLC, <br> Petitioners, <br> vs. <br> THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JOANNA KISHNER, DISTRICT JUDGE, <br> Respondents, <br> and <br> TITINA FARRIS; AND PATRICK FARRIS, <br> Real Parties in Interest. | No. 85143 <br><br> FILED <br><br> AUG 3 1 2022 <br> ELIZABETH A. BROWN <br> CLERK OF SUPREME COURT <br> BY_____ <br> DEPUTY CLERK |

*ORDER DENYING PETITION*

This is an original petition for a writ of mandamus challenging district court rulings denying a motion to reopen discovery and striking motions in limine in a medical malpractice action.

This court has original jurisdiction to issue writs of mandamus and prohibition, and the issuance of such extraordinary relief is solely within this court's discretion. *See* Nev. Const. art. 6, § 4; *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 123 Nev. 468, 474-75, 168 P.3d 731, 736-37

 
22-27451

(2007). Petitioners bear the burden to show that extraordinary relief is warranted, and such relief is proper only when there is no plain, speedy, and adequate remedy at law. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 228, 88 P.3d 840, 841, 844 (2004). An appeal is generally an adequate remedy precluding writ relief. *Id.* at 224, 88 P.3d at 841. Even when an appeal is not immediately available because the challenged order is interlocutory in nature, the fact that the order may ultimately be challenged on appeal from a final judgment generally precludes writ relief. *Id.* at 225, 88 P.3d at 841.

Having considered the petition, we are not persuaded that our extraordinary intervention is warranted for several reasons. To begin, petitioners have not demonstrated that an appeal from a final judgment would not be a plain, speedy, and adequate remedy. The late stage of the district court proceeding, which is on the eve of a new trial, also counsels against entertaining the writ petition. *See Archon Corp. v. Eighth Judicial Dist. Court*, 133 Nev. 816, 824, 407 P.3d 702, 709 (2017) (explaining that writ relief "must be issued sparingly and thoughtfully due to its disruptive nature"); *see also Walker v. Second Judicial Dist. Court*, 136 Nev. 678, 681, 476 P.3d 1194, 1197 (2020) (noting that where appellate relief is available, it is typically preferable to an extraordinary writ proceeding, as it affords "the advantage of having the whole case before us"). Finally, petitioners have not supplied copies of the district court orders they seek to challenge. *See Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (explaining that a written order signed and filed by the district court is essential to this court's review); *see also* NRAP 21(a)(4) (stating that it is the petitioner's obligation to provide an appendix that includes all records

that may be essential to understand the matters set forth in the petition). Accordingly, we

ORDER the petition DENIED.[1]



_____, C.J.
Parraguirre

_____, J.           _____, J.
Hardesty                        Stiglich

cc:    Hon. Joanna Kishner, District Judge
       Flynn Giudici
       Collinson, Daehnke, Inlow & Greco
       Lemons, Grundy & Eisenberg
       Schuering Zimmerman & Doyle LLP
       Hand Page Sullivan Martin, LLC
       Bighorn Law/Las Vegas
       Claggett & Sykes Law Firm
       Eighth District Court Clerk

---

[1]Given this order, petitioners' Emergency Motion Under NRAP 27(e) for Stay Pending Writ Proceeding is denied as moot.