## IN THE SUPREME COURT OF THE STATE OF NEVADA

ELIZETTE CADET,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JOSEPH HARDY, JR., DISTRICT
JUDGE,
Respondents,
and
SWENSON PROPERTIES, LLC,
Real Party in Interest.

No. 84226

**FILED**

MAR 2 2 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF MANDAMUS OR PROHIBITION

This original petition for a writ of mandamus or prohibition challenges a February 10, 2022, district court order defaulting petitioner, the defendant/counterclaimant in the underlying commercial property unlawful detainer case, as a sanction for her counsel's failure to appear at the continued pretrial conference. Petitioner also filed an emergency motion for stay pending our consideration of this petition, explaining that on February 2, 2022, the district court orally granted a default judgment, dismissed her counterclaims, and required that she vacate the premises by March 1, 2022. We granted the unopposed stay motion on February 22 but also directed petitioner to show cause why this writ petition should not be denied because it appeared that she had an adequate legal remedy in the

form of an appeal from the final judgment. Petitioner timely filed her response, and real party in interest timely filed a reply.

As explained in our order to show cause, an appeal is generally considered an adequate legal remedy precluding writ relief. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004); *see* NRS 34.170; NRS 34.330. An appeal will be available in this case once the district court enters a written order reflecting its oral ruling finally resolving the case. NRAP 3A(b)(1).

Petitioner argues that a future appeal is inadequate to protect her interests, as the district court's oral ruling required her to vacate the premises by March 1 and, without this court's immediate intervention, she will be evicted before an appeal could be perfected, causing irreparable harm. We disagree with this assessment, however, as the district court's oral ruling is not effective or enforceable until it is reduced to writing, signed, and filed. *Div. of Child & Family Servs., Dep't of Human Res. v. Eighth Judicial Dist. Court*, 120 Nev. 445, 454, 92 P.3d 1239, 1245 (2004) ("[D]ispositional court orders that are not administrative in nature, but deal with the procedural posture or merits of the underlying controversy, must be written, signed, and filed before they become effective."); *id.* at 451, 92 P.3d at 1243 (stating that "a court's oral pronouncement from the bench, the clerk's minute order, and even an unfiled written order are ineffective for any purpose" (quoting *Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (alteration omitted))). Accordingly, petitioner has not demonstrated that this matter falls within an exception to the general rule, and we decline to exercise our discretion to entertain this petition because petitioner has an adequate legal remedy by way of an

appeal from the final judgment, once that judgment is entered.[1] *Pan*, 120 Nev. at 224, 88 P.3d at 841; *see also Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (recognizing that consideration of a writ petition is discretionary). Accordingly, we

ORDER the petition DENIED.[2]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Joseph Hardy, Jr., District Judge
       Paul C. Ray, Chtd.
       Edward D. Kania
       Eighth District Court Clerk

---

[1]We note that, upon entry of a written order, petitioner should be allowed an opportunity to seek a stay pending appeal in the district court before the order is enforced. NRCP 62; NRAP 8(a)(1).

[2]In light of this order, our February 22 stay is lifted.