# IN THE SUPREME COURT OF THE STATE OF NEVADA

JDD, LLC; TCS PARTNERS, LLC; JOHN SAUNDERS; AND TREVOR SCHMIDT,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE TIMOTHY C. WILLIAMS, DISTRICT JUDGE,
Respondents,
and
ITEM 9 LABS CORP., F/K/A AIRWARE LABS CORP., AND CROWN DYNAMICS CORP.; ITEM 9 PROPERTIES, LLC; STRIVE MANAGEMENT, LLC, F/K/A; STRIVE LIFE; VIRIDIS GROUP I9 CAPITAL, LLC; VIRIDIS GROUP HOLDINGS, LLC; SNOWELL HOLDINGS, LLC; ANDREW BOWDEN; DOUGLAS BOWDEN; BRYCE SKALLA; AND CHASE HERSCHMAN,
Real Parties in Interest.

No. 83344

**FILED**

MAY 13 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION

This is an original petition for writ of mandamus challenging two district court orders awarding attorney fees.

Petitioners JDD, LLC; TCS Partners, LLC; John Saunders; and Trevor Schmidt (collectively, petitioners) sued real parties in interest, Item 9 Labs Corporation, Item 9 Properties, LLC, Strive Management, LLC,

 
22-15246

Viridis Group I9 Capital, LLC, Viridis Group Holdings, LLC, Andrew Bowden, Douglas Bowden, Bryce Skalla, Chase Herschman (collectively, I9 Parties), Snowell Holdings, LLC (Snowell), and assorted other parties in relation to petitioners' ownership interest in a marijuana company.

Snowell moved to dismiss all claims against it for lack of personal jurisdiction, and the district court granted the motion. The I9 Parties moved to dismiss the claims asserted against them for failure to state a claim and for lack of personal jurisdiction, and the district court granted this motion as well. Thereafter, the I9 Parties and Snowell independently moved for attorney fees as prevailing parties under NRS 18.010(2)(b), claiming that the petitioners' litigation was frivolous. The district court granted Snowell's motion in a minute order and granted the I9 Parties' motion in a written order. Petitioners now seek a writ mandating the district court to vacate its orders awarding attorney fees.

*Mandamus relief is unwarranted because petitioners have an adequate remedy at law*

Petitioners contend that this court should entertain this writ petition because they lack a speedy or adequate legal remedy, mandamus is proper for prejudgment orders of attorney fees, the dispute involves an issue of statewide importance regarding whether a party that has secured a dismissal without prejudice is a prevailing party under NRS 18.010(2)(b), and entertaining the writ petition would preserve judicial economy. We disagree.

A writ of mandamus is available to compel a district court to perform an act the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). "Mandamus is a proper remedy to compel performance of a judicial act when there is no

plain, speedy, and adequate remedy at law . . . ." *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (citing NRS 34.170). Petitioners must show why writ relief is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Whether a writ petition will be considered is within this court's sole discretion. *Smith*, 107 Nev. at 677, 818 P.2d at 851.

We determine that petitioners' arguments in favor of writ relief lack merit. The district court entered its order granting attorney fees to the I9 Parties. Petitioners thus had an adequate remedy at law by way of appeal from that order. *Williams v. Eighth Judicial Dist. Court*, 127 Nev. 518, 524, 262 P.3d 360, 364 (2011) (noting that the opportunity to appeal from final judgment typically provides an adequate legal remedy); *see also Pan*, 120 Nev. at 228, 88 P.3d at 844 ("[An] appeal is generally an adequate legal remedy that precludes writ relief.").

And, we are unable to entertain this writ petition as it pertains to the district court's minute order awarding Snowell attorney fees. *See Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) (determining that a minute order is "ineffective for any purpose"). Thus, the district court's award of attorney fees to Snowell may not be challenged until the district court enters a written order.[1] After the district court does so, Snowell may then appeal that order. Based upon the foregoing, we

---

[1]While no party raised this issue, we raise it sua sponte as it concerns this court's jurisdiction. *See Landreth v. Malik*, 127 Nev. 175, 179, 251 P.3d 163, 166 (2011). We offer no opinion on the merits of such an appeal.

 

conclude that writ relief is not warranted. Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                                              Herndon

cc:   Hon. Timothy C. Williams, District Judge
      Iglody Law, PLLC
      Fennemore Craig P.C./Reno
      Messner Reeves LLP
      Quarles & Brady LLP/Phoenix
      Bianch & Brandt
      Smith Larsen & Wixom
      Eighth District Court Clerk